[Crim. No. 1225. Third Appellate District.—September 14, 1932.]

THE PEOPLE, Respondent, v. CLARENCE CAIN, Appellant.

George E. Foote for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

█

PLUMMER, J.—The appellant was convicted upon an information charging that he did wilfully, unlawfully, feloniously and forcibly take from the person of one J. A. Olson, lawful money of the United States of the value of $20. That the taking was accomplished by means of force, and at the time of the taking appellant was armed with a deadly weapon, to wit, an automatic pistol. ██ From the judgment following the conviction, the defendant appeals, and presents for our consideration an alleged error on the part of the court in permitting a certain automatic pistol to be admitted as an exhibit in the cause. No briefs were filed; no other objection was made upon oral argument to any of the rulings of the court, nor to the instructions given by the court to the jury.

The record shows that J. A. Olson was the keeper of a gas filling station at Alhambra Boulevard and O Street, in the city of Sacramento. That on or about the eighth day of March, 1932, at about 10 o'clock in the evening, while Olson was sitting in the service station just referred to, reading a story in the "Saturday Evening Post", the defendant pushed open the door leading into the room where Olson was sitting and commanded him to put up his hands. Olson noticed that the defendant had an automatic pistol which he held in one of his hands. The defendant ordered Olson to open the cash register, which Olson did. While the defendant was taking the money from the cash register, he ordered Olson to lie down on the floor. After taking the money the defendant ordered Olson to get up, and asked if there was a telephone in the building, and where it was. Being informed that there was a telephone in an adjoining room, the defendant marched Olson into the room, compelled him to lie down on a cot, and while Olson was lying in this position, the defendant jerked the telephone from the wall and told Olson to lie still for a few minutes until he made his "get-away". During all of this time the defendant was unmasked and Olson had a clear view of the defendant, and was able to identify him when the defendant was subsequently arrested. Following the robbery just explained, the defendant ran out of the building and Olson sought the services of the police department. The defendant, however, was not arrested until some time the following April.

At the time of the arrest of the defendant it appears that he was armed with an automatic pistol similar to the one in his possession at the time of the robbery. This pistol was admitted in evidence over the objection of the defendant. Some testimony was introduced as to the attempted flight of the defendant at the time he was arrested, and of the scuffle between the defendant and officers when they dispossessed him of the pistol just referred to. This testimony, however, appears to have been stricken out by the trial court, and all that was left in the record in relation to the gun was that the defendant was armed with a gun at the time of his arrest, similar to the one described by Olson as being in the possession of the defendant at the time of the robbery.

Irrespective of whether the gun was or was not sufficiently identified as being the gun which the defendant used at the time of the robbery, the evidence shows beyond controversy that the defendant was armed with an automatic pistol at the time of the robbery, and that it occurred in the night-time, which fixes the degree of the offense.

The record also shows that the defendant, after his arrest, admitted that he had previously held up a service station.

Finding no merit in the appeal in this cause, the order denying defendant's motion for a new trial, and the judgment, are affirmed.

Preston, P. J., and Thompson (R. L.), J., concurred.